IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA D. SHAFFER O/B/O,<br>KENDAL WILSON KERR, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| -vs- | ) | Civil Action No. 14-1380 |
| CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

# **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

## **I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application on behalf of Claimant, Kendal Wilson Kerr (a child under age 18), alleging that he had been disabled since September 1, 2010. (ECF No. 5-6, pp. 11). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on October 25, 2012. (ECF No. 5-3, pp. 2-40). On January 23, 2013, the ALJ found that Claimant was not disabled under the Act. (ECF No. 5-2, pp. 18-33).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924(d). 20 C.F.R. § 416.924. An impairment

functionally equals a listed impairment if the child has "marked" limitations[1] in two domains of functioning or an "extreme" limitation[2] in one domain. 20 C.F.R. § 416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv).  When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or completing activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it.  20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that although Claimant has a severe impairment,[3] he does not have an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924(d).   (ECF No. 5-2, pp. 18-33).  As a result, the ALJ found that he was not disabled under the Act.

---

[1] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[2] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

[3] The ALJ found the claimant's severe impairment to be attention deficit hyperactivity disorder ('ADHD"). (ECF No. 5-2, p. 21).

3

### B. Whether the ALJ erred in determining that Plaintiff did not meet Listing 112.11

Plaintiff argues that the ALJ erred in determining that Claimant did not meet an impairment in the Listings, specifically the listing at §112.11 for ADHD. (ECF No. 11, p. 10-12). To that end, Plaintiff argues that the ALJ did not analyze any of the medical records to determine whether Claimant's ADHD actually met or equaled the listing at §112.11. (ECF No. 10, p. 11). As a result, the Plaintiff essentially argues that there is insufficient discussion for this court to make a meaningful review and the case should "be remanded for full finding by the Administrative Law Judge with regard to this issue." (ECF No. 11, p. 12). After careful consideration, I agree.

An applicant is *per* se disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

*Burnett,* 220 F.3d at 120, n. 2 (*quoting Sims v. Apfel,* 530 U.S. 103 (2000)).

The listing at issue in this case is §112.11 (ADHD). Listing 112.11 requires that an individual have developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity. In addition, that individual must have marked inattention, marked impulsiveness, and marked hyperactivity and in children, ages 3-18, must manifest two of the following: marked impairment in age-appropriate cognitive/communicative function, marked impairment in age-appropriate social functioning, marked impairment in age-appropriate personal function, or marked difficulties in maintaining concentration, persistence or pace.[4]

---

[4] Contrary to Defendant's assertion otherwise, Plaintiff argues that Claimant has marked inattention, marked impulsiveness, and marked hyperactivity and manifests the following: marked impairment in age-appropriate social functioning and marked difficulties in maintaining concentration, persistence or pace.

4

In this case, the ALJ fails to engage in any analysis as to whether Claimant meets this listing. In two sentences, the ALJ summarily concludes that "the medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." (ECF No. 5-2, p. 22). Without more, I find that I cannot engage in any meaningful review. While I acknowledge that the ALJ discusses the evidence in the next section to determine whether Claimant has an impairment or combination of impairments that functionally equals the listing, he fails to make any reference to said evidence in determining if Claimant actually met or equaled the listing at §112.11. It is not for me to speculate that this is the exact evidence that the ALJ used in making his decision. It is well-established that "[i]f an ALJ fails to mention probative evidence, then a reviewing court will not be able to determine whether the ALJ's decision is supported by substantial evidence under §405(g)." *McDonnell v. Astrue,* Civ. A. No. 10-222, 2010 WL 3938259 at *6 (W.D. Pa. Oct. 5, 2010).

Consequently, I find that the ALJ's failure to discuss any of the evidence in support of his conclusion that Claimant's ADHD has been found not to be of listing level severity necessitates a remand to the Commission for further proceedings. On remand, the ALJ should set forth and analyze the evidence of record used in making his determination that Claimant did not meet Listing §112.11.[5]

An appropriate order shall follow.

---

(ECF No. 11, p. 12).

[5] Plaintiff further argues that the ALJ erred when he found that Claimant does not have an impairment or combination of impairments that functionally equal the listing. (ECF No. 11, pp. 12-15). In addition to the finding by the ALJ that Claimant has a marked impairment in the domain of attending and completing tasks, Plaintiff argues that Claimant has a marked impairment in the domain of acquiring and using information, or alternatively, Plaintiff argues that Claimant has an extreme impairment in the domain of attending and completing tasks. *Id.* Because I am remanding this matter as to whether Claimant meets a listing, I refrain from making a decision at this time on the issue of whether the ALJ erred in determining that Claimant does not have an impairment or combination of impairments that functionally equal the listing.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA D. SHAFFER O/B/O,<br>KENDAL WILSON KERR,<br><br>    Plaintiff,<br><br> -vs-<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 14-1380 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 4th day of May, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is granted and Defendant's Motion for Summary Judgment (Docket No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                                  BY THE COURT:

                                                s/ Donetta W. Ambrose
                                                  Donetta W. Ambrose
                                                  United States Senior District Judge